Pennsylvania Labor Relations Board *v.* Mid-Valley Hospital Association (et al., Appellant).

Argued April 27, 1956. Before STERN, C. J., BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*James M. Quigley,* with him *McNees, Wallace & Nurick,* for appellants.

*William A. Welsh,* Counsel, Pennsylvania Labor Relations Board, with him *James F. Wildeman,* Special Deputy Attorney General, *Leon Ehrlich,* Deputy Attorney General, and *Herbert B. Cohen,* Attorney General, for appellee.

*David Dunlap,* with him *Patrick T. Walsh* and *Nelson M. Galloway,* for intervenor, appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, June 25, 1956:

On this appeal appellants frankly admit that unless the Court overrules prior decisions in cases involving the same legal question as that which is here involved their appeal cannot be sustained. Further consideration, however, of those decisions leads to the conclusion that they were properly decided, and therefore the judgment of the court below must be affirmed.

A charge was filed with the Pennsylvania Labor Relations Board by the Pennsylvania State Nurses Association against the Mid-Valley Hospital Association asserting that the latter had engaged in an unfair labor practice in that it had discharged Mrs. Ann Colley, a registered nurse, "from her employment as a general duty nurse because of her participation in the concerted

activities of a majority of the general duty nurses employed by said Association to achieve collective bargaining and for their other mutual aid and protection." The Labor Relations Board heard testimony from which it found that the Mid-Valley Hospital Association conducts a non-profit charitable hospital supported in large part by private donations and an annual appropriation by the Commonwealth. Accordingly it held that the Hospital Association was not an employer nor Mrs. Colley an employee within the meaning of the Pennsylvania Labor Relations Act and that the controversy regarding the discharge of Mrs. Colley was not a labor dispute within the meaning of the Act. It therefore dismissed the charge filed by the Nurses Association. The Court below affirmed the action of the Board and the present appeal is by the Nurses Association and by Mrs. Colley from the Court's order.

In *Western Pennsylvania Hospital v. Lichliter*, 340 Pa. 382, 17 A. 2d 206, it was definitely held that the Pennsylvania Labor Relations Act does not confer upon the Pennsylvania Labor Relations Board any jurisdiction over a labor dispute between a charitable non-profit hospital and its employes. The reasons for so holding are set forth at length in that case in the opinion of Judge RICHARDS, on the basis of which this court affirmed the decree of the Court of Common Pleas of Dauphin County restraining the Labor Relations Board from proceeding under the Labor Relations Act against the hospitals there involved and restraining a union of hospital workers from asserting any rights against them under that Act. The basis for the decision was, in brief, that such hospitals, being non-profit corporations not engaged in industry, commerce, trade, business or production, are not within the intendment of the purpose and scope of the Pennsylvania Labor Relations Act.

In *Salvation Army Case,* 349 Pa. 105, 36 A. 2d 479, the principle underlying the decision in the *Western Pennsylvania Hospital* case was applied to the non-profit operation by the Salvation Army of a home in proper surroundings for young working girls. An extended discussion of the Labor Relations Act was there had, and it was again held that the Act related exclusively to industrial disputes and not to non-profit, charitable organizations.

In *Broadwater v. Otto,* 370 Pa. 611, 88 A. 2d 878, the *Salvation Army Case* was referred to (p. 614, A. 2d p. 880) and the statement once more made that the Pennsylvania Labor Relations Act applies exclusively to *industrial* disputes.

There is now urged upon us the fact that there are decisions[1] in other jurisdictions contrary to the views to which we have consistently adhered. Admittedly there is a diversity of opinion on the subject; some jurisdictions follow our own rulings.[2] It must be borne in mind that the terms of the Labor Relations Acts are not identical in all the States where such statutes have been enacted, and in some instances too,—including the National Labor Relations Act itself (29 U.S.C.A. pocket part, §152[2])—they have been expressly amended to exclude hospitals from their operation. Be all this as it may, we find no valid reason for overrul-

[1] *Northwestern Hospital v. Public Building Service Employes' Union, Local No. 113,* 208 Minn. 389, 294 N.W. 215; *Utah Labor Relations Board v. Utah Valley Hospital,* 120 Utah 463, 235 P. 2d 520; *Wisconsin Employment Relations Board v. Evangelical Deaconess Society,* 242 Wis. 78, 7 N.W. 2d 590; *St. Joseph's Hospital v. Wisconsin Employment Relations Board,* 264 Wis. 396, 59 N.W. 2d 448; *National Labor Relations Board v. Central Dispensary & Emergency Hospital* (U.S. Ct. of Appeals, D. of C.) 145 F. 2d 852.

[2] *St. Luke's Hospital v. Labor Relations Commission,* 320 Mass. 467, 70 N.E. 2d 10; *Jewish Hospital of Brooklyn v. Doe,* 300 N.Y.S. 1111, 1119.

ing our prior decisions, especially since no amendment to the Pennsylvania Labor Relations Act, as construed by us, has been enacted by the Legislature during the 16 years that have passed since the *Western Pennsylvania Hospital* case was decided.

The order of the Court below is affirmed.