Pennsylvania Labor Relations Board *v.* Uniontown Hospital Association (et al., Appellant).

Argued October 8, 1968. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Henry R. Beeson,* for appellant.

*John G. Wayman,* with him *Donald B. Heard,* and *Reed, Smith, Shaw & McClay,* for appellee.

*James F. Wildeman,* Assistant Attorney General, for Pennsylvania Labor Relations Board, appellee.

OPINION BY MR. JUSTICE JONES, November 12, 1968:

Chauffeurs, Teamsters and Helpers Local Union No. 491 (Union), claiming to represent the nonprofessional employees of Uniontown Hospital Association (Hospital), a charitable nonprofit hospital, petitioned the Pennsylvania Labor Relations Board (Board), for certification as the collective bargaining agent of the nonprofessional Hospital employees.

Shortly thereafter, N. L. Johnson, a Hospital nonprofessional employee, filed a complaint with the Board charging the Hospital with an unfair labor act in discharging him for engaging in union activities.

Both matters were consolidated for hearing and the Board dismissed both proceedings for want of jurisdiction. On appeal to the Court of Common Pleas of Fayette County, that court upheld the Board. The present appeal by the Union followed.

The parties have stipulated: (a) the Hospital is a charitable nonprofit hospital and exempt from taxation; (b) the Hospital's funds are derived from Blue Cross, Medicare, the Commonwealth, United Miners Welfare Fund, the Union's Insurance Fund, private patients, private insurance companies and private contributions; (c) Johnson was a Union member and until his discharge, a nonprofessional Hospital employee; (d) the Hospital is operated by professional and nonprofessional employees whom it pays.

We have before us a very narrow issue: did the Board have jurisdiction, under the Pennsylvania Labor Relations Act (Act of June 1, 1937, P. L. 1168, 43 P.S. §§211.1 et seq.) to entertain a labor dispute between the Union, its members and this charitable nonprofit Hospital?

The identical issue has been twice previously considered by this Court in *Western Pennsylvania Hospital v. Lichliter*, 340 Pa. 382, 17 A. 2d 206 (1941) and *Pennsylvania Labor Relations Board v. Mid-Valley Hospital Association*, 385 Pa. 344, 124 A. 2d 108 (1956). In both decisions, we held that a charitable nonprofit hospital was not an "employer" subject to the Act and that the Act did not confer upon the Board jurisdiction to entertain a labor dispute between a charitable nonprofit hospital and its nonprofessional employees. As Mr. Chief Justice STERN said in *Mid-Valley*, supra: "The basis for the decision [in *Lichliter*] was, in brief, that such hospitals, being nonprofit corporations not engaged in industry, commerce, trade, business or production, are not within the intendment of the purpose and scope of the Pennsylvania Labor Relations Act." (p. 346).[1]

---

[1] In *Locust Club v. Hotel & Club Employees Union*, 397 Pa. 357, 364, 155 A. 2d 27 (1959), wherein a nonprofit social club was held to be an "employer" under the Act, this Court said: "To

The Union, conceding that *Lichliter* and *Mid-Valley* are directly apposite and must be reversed if it is to succeed, urges that certain language in *Flagiello v. Pennsylvania Hospital,* 417 Pa. 486, 493, 208 A. 2d 193 (1965) compels not only a reappraisal of both decisions but their reversal. It must be noted that in *Flagiello* a majority of this Court, reconsidering a judicially-created doctrine, reversed the decisions upholding such doctrine and held that charitable nonprofit hospitals were not immune from tort liability; in the case at bar, we deal with the ascertainment of the legislative intent as demonstrated in the language of a statute. The language in *Flagiello,* upon which the Union contends a reversal of *Lichliter* and *Mid-Valley* is mandated, is found in the opinion of the late Mr. Justice MUSMANNO: "But [charitable nonprofit hospitals] do all this on a business basis, submitting invoices for services rendered—and properly so. And if a hospital functions as a business institution, by charging and receiving money for what it offers, it must be a business establishment also in meeting obligations it incurs in running that establishment." (p. 493). Even if such language represented the views of a majority of this Court,[2] *Flagiello* does not require a reversal of *Lichliter* and *Mid-Valley.*

It is well settled that the failure of the legislature, subsequent to a decision of this Court in construction of a statute, to change by legislative action the law as interpreted by this Court creates a presumption that our interpretation was in accord with the legislative

analogize the operation of this social club to the operation of a charitable hospital, which deals with the health and indeed the life of the general community, would be to prefer shadow to substance."

[2] The opinion of Mr. Justice MUSMANNO commanded the support of only two members of this Court. Two other members, each writing a separate concurring opinion, joined in the result only while two other members of this Court dissented.

intendment. See: *Commonwealth v. Willson Products Inc.*, 412 Pa. 78, 87, 88, 194 A. 2d 162 (1963); *Loeb's Estate*, 400 Pa. 368, 375, 376, 162 A. 2d 207 (1960) and authorities therein cited. That which this Court decided in *Lichliter* and *Mid-Valley* certainly has over many years been known to the legislature and it has not seen fit to amend the Act to include charitable nonprofit hospitals within its coverage.[3]

We have carefully considered the Union's contentions that *Flagiello* mandates a reversal of our prior decisions, that such prior decisions were based on erroneous premises and that such decisions improperly discriminate against nonprofessional employees of charitable nonprofit hospitals and find all such contentions to lack merit.

Order affirmed.

Mr. Justice MUSMANNO did not participate in the decision of this case.

---

[3] It must be noted that on April 11, 1967 a bill was introduced in the House of Representatives (House Bill No. 748) which, if passed, would extend the coverage of the Act to charitable nonprofit hospitals. However, that proposed act has not been reported out of committee.