J-S80022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAMIEN RAYON BARNHILL | |
| Appellant | No. 709 MDA 2016 |

Appeal from the PCRA Order entered April 26, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No: CP-36-CR-0004485-2012

BEFORE:  LAZARUS, STABILE, and RANSOM, JJ.

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 28, 2017**

Appellant, Damien Rayon Barnhill, appeals from the April 26, 2016 order entered in the Court of Common Pleas of Lancaster County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  In addition, counsel has filed a **Turner-Finely** "no-merit" letter[1] and a motion seeking to withdraw.  Following review, we grant counsel's petition and affirm the order of the PCRA court.

On September 18, 2013, at the conclusion of a four-day bench trial, the trial judge found Appellant guilty of first-degree murder (18 Pa.C.S.A. § 2502(a)).  On September 23, 2013, the trial judge imposed the mandatory

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

sentence of life imprisonment. Appellant filed a timely direct appeal to this Court claiming trial court erred in denying the motion to suppress his July 27, 2012 statement to police, and erred in denying his motion in limine to exclude his wife's testimony concerning his non-verbal actions around the time of the victim's death. A panel of this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Barnhill*, No. 1901 MDA 2013, unpublished memorandum (Pa. Super. filed August 14, 2014).

On June 22, 2015, Appellant filed a *pro se* PCRA petition. Counsel was appointed and submitted a counseled amended petition on October 23, 2015. The Commonwealth filed its response on November 19, 2015. A hearing was held on February 9, 2016, during which both Appellant and trial counsel testified. The sole issue raised at the hearing was Appellant's jury trial waiver.

Following the hearing, Appellant filed a "Brief *sur* Amended PCRA" on March 10, 2016, and the Commonwealth filed a response on March 30, 2016. By order entered April 26, 2016, the PCRA court denied Appellant's petition. This timely appeal followed.

On July 19, 2016, Appellant's PCRA counsel filed a motion to withdraw as counsel along with a "no-merit" letter, seeking review of the issue rejected by the PCRA court, *i.e.*, whether "trial counsel was ineffective by failing to fully and competently advise [Appellant] concerning his right to a

trial by jury which resulted in [Appellant] making an unknowing decision to waive his right to a jury trial." Counsel's No-Merit Letter, 7/19/16, at 3.[2]

Before we may consider whether the PCRA court abused its discretion by denying Appellant's PCRA petition and requested relief, we must address whether PCRA counsel has met the requirements of **Turner**/**Finley**. For PCRA counsel to withdraw under **Turner**/**Finley** in this Court:

(1)     PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.

(2)     PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.

(3)     This Court must independently review the record and agree that the appeal is meritless.

**See Commonwealth v. Widgins**, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing or quoting **Turner**, **Finley**, **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009), and **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2008), *abrogated by* **Pitts**).

---

[2] We note that counsel indicated in his no-merit letter that "in the event this Court grants this Motion to Withdraw," Appellant would have the right to proceed *pro se* or with assistance of privately-retained counsel. Motion to Withdraw as Counsel, 7/19/16, at ¶ 5. In light of counsel's statement, this Court issued an order on August 17, 2016, to clarify that Appellant could file with this Court a response to the petition within 30 days of the order and that "failure to file a *pro se* or counseled response may be considered as a waiver of [Appellant's] right to present his issues to this Court." Order, 8/17/16, at 1. Appellant did not file a response.

We find that PCRA counsel has complied with **Turner**/**Finley**. PCRA counsel has filed an application to withdraw and filed a **Turner**/**Finley** no-merit letter. Finally, PCRA counsel informed Appellant of his right to hire a new lawyer or file a *pro se* response.[3]

We now turn to this appeal to determine whether it is indeed meritless. As this Court has explained:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In its opinion issued in conjunction with the order denying relief, the PCRA court explained Appellant's contention that his trial counsel failed "to fully and competently advise him concerning his right a jury trial and that this purportedly ineffective assistance resulted in his making an unknowing waiver of his right to a jury trial such that he should be entitled to relief under the PCRA." PCRA Court Opinion, 4/26/16, at 1. The PCRA court then

---

[3] **See** n. 2.

summarized the factual and procedural background of the case, the written jury trial waiver, and the testimony from both the on-the-record colloquy and the PCRA hearing, complete with citations to the record. *Id.* at 1-7. The court cited **Commonwealth v. Lassiter**, 722 A.2d 657, 660 (Pa. 1998) (Opinion Announcing Judgment of the Court), and the established three-pronged test for ineffectiveness of counsel, *i.e.*, that the underlying claim is of arguable merit; that counsel had no reasonable basis for the action or inaction; and that the defendant has been prejudiced by the ineffectiveness of counsel. PCRA Court Opinion, 4/26/16, at 13.

"A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." **Com. v. Burno**, 94 A.3d 956, 972 (Pa. 2014) (quoting **Commonwealth v. Spotz**, 870 A.2d 822, 830 (Pa. 2005), *cert. denied*, 546 U.S. 984 (2005) (citations omitted)). Although failure to satisfy even one prong of the ineffectiveness test defeats the claim, the PCRA court addressed all three prongs, explaining its conclusions that Appellant failed to satisfy even a single prong. PCRA Court Opinion, 4/26/16, at 13-17. The PCRA court concluded that Appellant's "jury trial waiver was valid and was the product of trial counsel's effective representation." *Id.*

We find that the PCRA court's factual findings are supported by the record. Therefore, we shall not disturb them. Further, we find the PCRA court's legal conclusions are supported by the evidence of record and are

free of legal error. Therefore, we affirm the PCRA court's dismissal of Appellant's petition.

Motion to withdraw granted. Order affirmed.

Judge Lazarus joins this memorandum.

Judge Ransom concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2017