J-A16039-16

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
v. :
:
LARRY TUCKER, :
:
Appellee : No. 1308 WDA 2015

Appeal from the Order August 4, 2015
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0001897-2013

BEFORE: SHOGAN, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: FILED DECEMBER 19, 2017

The Commonwealth appeals from the August 4, 2015 order that

granted Appellee Larry Tucker relief pursuant to the Post Conviction Relief

Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The facts relevant to this appeal are not in dispute. In 1992, at docket

number CP-02-CR-0014918-1991, Tucker pled nolo contendere to, inter alia,

rape by forcible compulsion and involuntary deviate sexual intercourse

(IDSI) by forcible compulsion under 18 Pa.C.S. §§ 3121 and 3123(a),

respectively. Tucker was sentenced to 364 to 728 days of incarceration

followed by five years of probation. Tucker's probation was revoked in 1997,

resulting in a sentence of five to ten years of incarceration at CP-02-CR-

_____

* Retired Senior Judge assigned to the Superior Court.

0014918-1991, to run consecutive to another sentence he was serving at another docket number.

No law imposing registration requirements for sex offenders had been enacted at the time Tucker committed the sex crimes that led to his 1992 sentence. However, various versions of the law were implemented subsequently, both while he was on probation and while he was incarcerated. Specifically, the first Megan's Law became effective in 1996, requiring those convicted of rape and IDSI to register as a sex offender for a period of ten years, beginning within 30 days of the law's effective date for individuals under supervision (either probation or parole). 42 Pa.C.S. § 9793 (effective April 1996 to July 2000). Megan's Law II took effect in 2000, increasing the registration period from ten years to lifetime for, inter alia, rape and IDSI. 42 Pa.C.S § 9795.1(b)(2) (effective July 2000).

Upon release from state prison in 2011, Tucker registered as a sex offender for the first time.[1] Although Megan's Law II required regular registration, Tucker did not register after that initial time. As a result, in 2013, Tucker was charged in the instant case with failure to register under Megan's Law II in violation of 18 Pa.C.S. § 4915.[2] Tucker pled guilty and

---

[1] According to Tucker, the prison authorities informed him that he would not be released at the conclusion of his sentence unless he completed the sex offender registration documents. N.T., 7/10/2015, at 24.

[2] The Sex Offender Registration and Notification Act (SORNA) replaced Megan's Law in December 2012, providing new, more onerous registration
(Footnote Continued Next Page)

- 2 -

was sentenced to five years of probation. Tucker thereafter was charged two additional times for failing to register, but was acquitted based upon the trial court's conclusion that Tucker was not required to register.

Tucker thereafter timely filed a PCRA petition in the instant case claiming that plea counsel's ineffectiveness in failing to research whether Tucker had a duty to register under Megan's Law II caused him to enter an unknowing, involuntary guilty plea in 2013. After a hearing, the PCRA court concluded that Tucker had established a right to relief in the form of withdrawal of his plea and the award of a new trial. The Commonwealth timely filed a notice of appeal, and both the Commonwealth and the PCRA court complied with Pa.R.A.P. 1925.

The Commonwealth presents the following question on appeal:

Whether the [PCRA] court erred in granting a new trial based on its conclusion that counsel rendered ineffective assistance in connection with Tucker's guilty plea to a charge of failure to register as a sexual offender where the record demonstrates

(Footnote Continued) ───────────────

requirements for, inter alia, those who were subject to registration requirements under the prior law. 42 Pa.C.S. § 9799.13(3). Our Supreme Court invalidated retroactive application of SORNA in Commonwealth v. Muniz, 164 A.3d 1189, 1218 (Pa. 2017) (holding SORNA's "significant differences" from the earlier Megan's Law registration requirements rose to the level of criminal punishment). The Muniz decision does not impact this case, as Tucker was charged with and convicted of failing to register under the earlier statutes, retroactive application of which was upheld in, inter alia, Commonwealth v. Williams, 832 A.2d 962, 986 (Pa. 2003) ("Megan's Law's registration, notification, and counseling provisions constitute non-punitive, regulatory measures supporting a legitimate governmental purpose.").

that, contrary to Tucker's contention, Tucker was, in fact, an individual required to register who had failed to do so?

Commonwealth's Brief at 4.

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." Commonwealth v. Barndt, 74 A.3d 185, 191–92 (Pa. Super. 2013) (citation and quotation marks omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a de novo standard of review to the PCRA court's legal conclusions." Commonwealth v. Roney, 79 A.3d 595, 603 (Pa. 2013).

The Commonwealth challenges the PCRA court's determination that Tucker's plea counsel rendered ineffective assistance. On review, we bear in mind that counsel is presumed to be effective. Commonwealth v. Andrews, 158 A.3d 1260, 1263 (Pa. Super. 2017). To overcome that presumption, Tucker had to plead and prove all of the following: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." Id. (internal quotation marks and citation omitted).

> Ineffective assistance of counsel claims arising from the plea-bargaining process are eligible for PCRA review. Allegations

of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Commonwealth v. Kelley, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations and quotation marks omitted).

The PCRA court determined that Tucker, by proving all three prongs of the test for ineffective assistance of counsel, established that his 2013 guilty plea had been entered involuntarily. Specifically, the PCRA court found that (1) Tucker's claim that trial counsel failed to review the discovery or "do any legal research regarding [Tucker's] legal obligation to register under Megan's Law" was of arguable merit; (2) counsel had no reasonable basis for failing to do so as "[t]he legal research necessary here was readily apparent from the face of the criminal information filed against [Tucker] insofar as [Tucker's rape and IDSI] conviction date was prior to the enactment of Megan's Law I;" and (3) if counsel had offered effective representation, Tucker would not have pled guilty. PCRA Court Opinion, 1/19/2016, at 4-5.

If counsel had researched the issue, she would have been able to rely upon this Court's decision in Commonwealth v. Rivera, 10 A.3d 1276 (Pa. Super. 2010),[3] a case decided more than two years before Tucker pled

---

[3] The delay in our decision stems from our holding this case pending this Court's en banc consideration of Rivera's holding in Commonwealth v.

(Footnote Continued Next Page)

- 5 -

guilty. In Rivera, this Court held that Megan's Law II's applicability to "individuals incarcerated or convicted on or after the effective date of this act," was "intended by the legislature to refer only to the original period of incarceration imposed on a sex offense," and not "to a period of incarceration imposed to a probation violation on that sex offense." Rivera, 10 A.3d at 1284. In this appeal, the Commonwealth argues that the PCRA court erred in determining that the Rivera holding did not impact Tucker's registration duty. Commonwealth's Brief at 24-30. However, we are unpersuaded by the Commonwealth's attempts to distinguish Rivera.

Both Rivera and Tucker were convicted of sex crimes before any sex offender registration law was in effect. Both were on probation at the time Megan's Law I became effective, rendering them subject to a ten-year registration requirement.[4,5] When Megan's Law II took effect, Rivera was

(Footnote Continued) ———————————

McCullough, --- A.3d ---, 2017 WL 5184490 (Pa. Super. 2017) (en banc). However, because McCullough was convicted for failure to register under SORNA rather than under the previous Megan's Law II statute, the issue became moot when our Supreme Court held in Muniz that retroactive application of SORNA is unconstitutional. Hence, we now proceed to decide the issue without the benefit of en banc examination of Rivera.

[4] The Commonwealth contends that Rivera was not required to register at all under Megan's Law I "because his offense - misdemeanor 2 [i]ndecent [a]ssault - did not become registerable until Megan's Law II was enacted." Commonwealth's Brief at 27. However, Rivera was convicted of a first-degree misdemeanor offense of indecent assault of a person less than thirteen years of age. Rivera, 10 A.3d at 1278 n.1. Under 42 Pa.C.S. § 9793(b)(3), which was in effect from April 1996 to July 2000, a ten-year registration period was required for "[p]ersons convicted of 18 Pa.C.S.

(Footnote Continued Next Page)

- 6 -

sentenced and incarcerated for violating the probation imposed following his indecent assault conviction, and was not still imprisoned on the initial sex offense sentence; Tucker was incarcerated in the rape/IDSI case on a probation violation, rather than the original sentence, at the time Megan's Law II became effective. Hence, because neither Rivera nor Tucker was convicted of a sex offense, or imprisoned on the original period of incarceration for a sex offense, on or after the effective date of Megan's Law II, neither had a duty to register under Megan's Law II.

Having determined that the Rivera decision did indeed provide Tucker with a defense to the charges he faced, we consider whether the PCRA court's determination that Tucker proved all three prongs of his claim of ineffective assistance of counsel is free of legal error and supported by the record.

Our review of the transcript of the PCRA hearing supports the finding that, prior to advising him about whether to plead guilty, counsel obtained

(Footnote Continued) ————————

§ 3126 (relating to indecent assault) when the offense is a misdemeanor of the first degree."

[5] Megan's Law I did not indicate initially a commencement date for the registration of persons on probation or parole on its effective date. It was amended on May 22, 1996, to require such offenders to register within 30 days. Hence Tucker and Rivera each should have registered by mid-June 1996. Tucker did not register, but he was arrested and incarcerated for aggravated assault on June 12, 1996, a mere few weeks after his registration period should have begun. There is no indication in the Rivera opinion that Rivera ever registered under any version of the law.

neither the facts applicable to the issue of whether Tucker had a duty to register nor relevant case law that provided a complete defense to the charges Tucker faced. N.T., 7/10/2015, at 16-17 (reporting that plea counsel testified that she did not have the Megan's Law discovery packet at the time of the plea, and did no legal research regarding Tucker's culpability given that his conviction predated the enactment of Megan's Law). Because counsel did not discover or discuss any available defenses with Tucker, the PCRA court properly held that Tucker's claim had arguable merit. See, e.g., Commonwealth v. Lassiter, 722 A.2d 657, 662 (Pa. 1998) (Opinion Announcing the Judgment of the Court) (holding, in case in which Lassiter challenged the voluntariness of a guilty plea entered in exchange for the Commonwealth's promise not to seek the death penalty, that the claim had arguable merit because the death penalty did not apply to an accomplice who did not "commit" the murder).

The PCRA court also held that counsel lacked a reasonable basis for failing to investigate whether Tucker had a duty to register as a sex offender. Such a decision was obviously of "questionable legal soundness," Commonwealth v. Hickman, 799 A.2d 136, 140 (Pa. Super. 2002), and the record reveals that counsel offered no explanation why proceeding blindly into a guilty plea rather than obtaining relevant information was reasonably designed to effectuate Tucker's interests. See, e.g., Lassiter, 722 A.2d at 662 (holding counsel had no reasonable basis for failing to

discuss with Lassiter an argument that the death penalty did not apply in his case because "[n]o strategic goals were furthered by trial counsel's failing to fully inform his client of the true nature of the illusory promise with which the Commonwealth sought to bargain away [Lassiter's] right to a jury trial").

Finally, the PCRA court's factual finding that there is a reasonable probability that Tucker would have chosen to go to trial had counsel advised him that he had a basis to defend himself against the charges is supported by the record. See N.T., 7/10/2015, at 21 ("[Counsel] was telling me that she couldn't fight it, she didn't know how to fight it, so I felt like I had no choice but to plead guilty to it, although I knew I wasn't guilty to it."); id. at 25-26 (indicating Tucker was subsequently charged two more times with failing to comply with sex-offender registration; counsel in those cases informed Tucker of his ability to challenge the statute's applicability to him, and Tucker opted to proceed to trial). We will not disturb factual findings of the PCRA court that are supported by the record. Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Thus, Tucker produced evidence that his plea counsel failed to inform him that he had no duty to register under Megan's Law, that she had no reasonable basis for failing to research and apprise her client of that potential for defeating the charges, and that, had he known that he had a defense to raise, he would not have pled guilty. Accordingly, the PCRA court did not err in allowing Tucker to withdraw his involuntary guilty plea.

Order affirmed.

Judge Shogan joins.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017