[J-66-2019] [MO: Todd, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| IN THE INTEREST OF: N.B.-A., A MINOR | : | No. 11 EAP 2019 |
| | : | |
| | : | Appeal from the Order of Superior |
| | : | Court entered on February 19, 2019 at |
| APPEAL OF: E.A., MOTHER | : | No. 893 EDA 2018 affirming in part |
| | : | reversing in part the Order dated |
| | : | March 16, 2018 in the Court of |
| | : | Common Pleas, Philadelphia County, |
| | : | Family Court Division at No. CP-51- |
| | : | DP-0002607-2016. |
| | : | |
| | : | ARGUED: September 10, 2019 |

**CONCURRING OPINION**

**JUSTICE WECHT**                                **DECIDED: January 22, 2020**

The circumstances of this case call upon the Court to determine whether the Department of Human Services ("DHS") presented sufficient evidence that Mother was a perpetrator of "child abuse" as defined in the Child Protective Services Law ("CPSL"), 23 Pa.C.S. § 6303(b.1). I agree with the Majority that DHS failed to establish that Mother was a perpetrator of abuse by omission under Section 6303(b.1). At the very least, culpability under that Section requires a showing of recklessness, which entails a conscious and unjustifiable disregard of a known risk. *See* 18 Pa.C.S. § 302(b) (defining requirements of culpability for purposes of the CPSL). Because there was no evidence to suggest that N.B.-A.'s stepbrother was a known risk, there was no basis to find Mother to be a perpetrator of abuse by omission under Section 6303(b.1).

The Superior Court affirmed the juvenile court's finding that Mother was a perpetrator of abuse pursuant to Section 6303(b.1). In addition, the Superior Court

invoked the evidentiary presumption set forth in 23 Pa.C.S. § 6381(d) to conclude that Mother is a perpetrator of child abuse by omission. Section 6381(d), entitled "*[p]rima facie* evidence of abuse," provides as follows:

> Evidence that a child has suffered child abuse of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the welfare of the child shall be *prima facie* evidence of child abuse by the parent or other person responsible for the welfare of the child.

23 Pa.C.S. § 6381(d).

I join the Majority's rejection of the Superior Court's reliance upon Section 6381(d). Maj. Op. at 21. Like the Majority, I examine the statutory language to ascertain when the evidentiary presumption applies. This examination leads me to conclude that the General Assembly intended to limit the application of Section 6381(d) to scenarios where the alleged perpetrator is a parent or other person responsible for the child's welfare; the child has suffered child abuse; and the child abuse is "of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the welfare of the child." *Id.* Because DHS, as the petitioner in the child abuse proceedings against Mother, failed to produce evidence to establish that the abuse suffered by N.B.-A. was "of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent," I would hold that Section 6381(d) never came into play. The juvenile court never made this predicate factual finding. The burden never shifted to Mother to explain the abuse. Hence, the Superior Court's alternative holding under Section 6381(d) was in error.

Interpretation of Section 6381(d) is a matter of statutory construction. To this end, "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). When ascertaining legislative intent, "[e]very statute shall be construed, if possible, to give effect to all its

provisions." *Id.* Each word used by the legislature has meaning, and cannot be treated as mere surplusage. *Commonwealth v. Lassiter*, 722 A.2d 657, 660 (Pa. 1998). We further presume that the General Assembly intends the entire statute to be effective. 1 Pa.C.S. § 1922(2). Only when the statutory language is unclear may the Court go beyond that language to consider the factors enumerated in the Statutory Construction Act. *Id.* § 1921(c).

The petitioner in a dependency action must establish the statutory requirements for dependency, as defined in the Juvenile Act, 42 Pa.C.S. § 6302, by clear and convincing evidence. 42 Pa.C.S. § 6341(c); *In re L.Z.*, 111 A.3d 1164, 1176 (Pa. 2015). Child abuse, as defined by the CPSL, 23 Pa.C.S. § 6303(b.1), may evidence dependency, and therefore must be established by clear and convincing evidence. Although the clear and convincing evidence standard applies to the juvenile court's finding of dependency, the legislature has allowed for the possibility of identifying the perpetrator of child abuse through *prima facie* evidence in certain situations, in accord with Section 6381(d).

Section 6381(d) contains three key requirements. First, it applies only to parents or other persons responsible for the child's welfare.[1] Second, the child must have suffered child abuse, which, as noted, is defined in Section 6303(b.1). Mother disputes neither of these requirements: Mother is a parent of N.B.-A., and N.B.-A. was sexually abused. But there is a third prefatory requirement of the statutory presumption that is not so easily dispensed with. Section 6381(d) is only implicated when the child abuse is "of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions" of the parent. 23 Pa.C.S. § 6381(d).

---

[1] Although the statute applies to parents as well as to other persons responsible for the welfare of the child, I refer in the ensuing discussion simply to "parents" in the context of Section 6381(d) for ease of reference, and to reflect the facts of this case.

With this prefatory language, the legislature clearly conveyed its intent to limit the scope of Section 6381(d) by adding a triggering provision within the text of the statute. The evidentiary presumption does not apply unless the abuse is of a certain nature. Therefore, Section 6381(d) does not apply to all forms of child abuse.

If the General Assembly wanted DHS to rely upon the evidentiary presumption any time that a child is abused, it would not have limited its application to certain instances of child abuse. Were we to construe the statute to apply anytime that a child has suffered abuse, we would violate the dictates of the Statutory Construction Act and would render the predicate language surplusage. For this reason, the Child Advocate is incorrect in arguing that, because of the general difficulties in proving child abuse, the legislature intended to shift the burden to parents in every case of child abuse to explain what happened to the child. Brief for Appellee Child at 47.

Section 6381(d) presumptively predicates parental culpability on the character of the abuse the child sustained. But what does it mean to require the child abuse to be of such a nature that it would ordinarily not occur but for the parent's acts or, in this case, omissions? The language indicates that the presumption applies whenever there are injuries that generally would not occur if the parent had been protective and not abusive. It suggests direct causation: that the abuse is of such a nature that it would not exist but for the parent's acts or omissions. In the case of omission, it is the parent's failure to act that directly causes the abuse. DHS recognizes this causation requirement by asserting that it is the parent's act or omission that allowed the perpetrator to commit the abuse. Brief for Appellee DHS at 29. The Child Advocate also recognizes that Section 6381(d) is premised upon "but for" causation. Brief of Appellee Child at 37.

The argument of DHS and the Child Advocate seems to be that, by its nature of being illicit and surreptitious, all sexual abuse qualifies. But again, that is not what the

legislature said in Section 6381(d). Although sexual abuse certainly may occur when a child has insufficient supervision, it may also occur, as the Majority explains, despite a parent's best efforts to supervise the child. Maj. Op. at 22.

Here, presumptive culpability was premised upon omission, a term left undefined in both the CPSL and the Juvenile Act. As generally understood, an omission is "[a] failure to do something; esp., a neglect of duty." *Omission*, Black's Law Dictionary (11th ed. 2019). The relevant duty arises from the parent/child relationship, as "parents are always responsible for their children, absent extenuating circumstances." *L.Z.*, 111 A.3d at 1184.

When a young child presents with a sexually transmitted disease, it is clear that the child was sexually abused. It is not self-evident that the parent's omission, or neglect of parental obligations, caused the sexual abuse. Without evidence of causation, the predicate language of Section 6381(d) is not established. The fact of the abuse cannot serve as *prima facie* evidence of abuse by the parent without first establishing that the abuse is of the nature as would ordinarily not exist but for the parent's omissions.

Whatever the General Assembly's reasons, our job is to apply the language that the legislature chose to use. To receive the benefit of Section 6381(d) here, DHS had to establish that N.B.-A. suffered abuse of such a nature as would ordinarily not be sustained or exist but for Mother's omissions. It did not do so. Nor did the trial court make any findings in this regard. Because DHS presented insufficient evidence to warrant application of Section 6381(d), it does not get the benefit of the evidentiary presumption, and the burden of production never shifted to Mother.

To hold otherwise would amount to presumptive strict liability against parents for child abuse, regardless of the parent's role or the conduct of other individuals. A presumption of parental culpability anytime a child is abused would have far-reaching

consequences, one that this Court already rejected in *L.Z. L.Z.*, 111 A.3d at 1185 n.24 (holding that the presumption is triggered only in circumstances where it is "unlikely that the child could have suffered the injuries but for the acts o[r] omissions of the parent or caregiver," and, therefore, could only be used to hold parents presumptively responsible for abuse perpetrated by others if the parent "should have known of the danger into which they placed the child").  I am also persuaded by the argument of the American Civil Liberties Union (as *amicus curiae*) that interpreting Section 6381(d) to presumptively label a parent a perpetrator of abuse whenever abuse is established would raise substantial due process considerations.

The evidentiary foundation of Section 6381(d) was lacking in this case because DHS did not demonstrate that the abuse was of such a nature that it would not have been sustained but for Mother's omissions, and the burden of production never shifted to Mother to explain the circumstances of N.B.-A.'s abuse.  In this respect, I disagree with DHS that merely establishing the fact of abuse would shift the burden of proof to the parent to prove what happened to the child.  *See* Brief for Appellee DHS at 22.  The burden of proof consists of two separate burdens: the burden of production and the burden of persuasion.  *Commonwealth ex rel. Butler v. Rundle*, 239 A.2d 426, 427 (Pa. 1968).  The burden of persuasion always remains with DHS as the petitioning party.  If DHS is going to rely upon Section 6381(d), then the burden is on DHS to demonstrate that the alleged perpetrator is a parent or someone responsible for the child's welfare, that the child was abused, and that the abuse is of such a nature that it would not ordinarily exist but for the parent or caregiver's act or omission.  Because DHS failed to prove these three elements, the burden of production never shifted to Mother.  Therefore, I join the Majority in holding that the Superior Court erred in affirming the juvenile court's determination that Mother was a perpetrator of abuse by omission.

Justice Baer and Justice Dougherty join this concurring opinion.