**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Ricky MALLORY, Appellee.**

**Commonwealth of Pennsylvania, Appellant,**

v.

**Braheem Lewis, Appellee.**

**Commonwealth of Pennsylvania, Appellant,**

v.

**Hakim Lewis, Appellee.**

Superior Court of Pennsylvania.

Submitted Jan. 24, 2005.

Filed Nov. 15, 2005.

Reargument Denied Jan. 12, 2006.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellant.

Patrick J. Egan, Philadelphia, for Mallory, appellee.

Burton A. Rose, Philadelphia, for B. Lewis and H. Lewis, appellees.

BEFORE: BENDER, GANTMAN, and JOHNSON, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Philadelphia County Court of Common Pleas, which granted relief in the form of a new trial to Appellees, Ricky Mallory, Braheem Lewis and Hakim Lewis, on their claims brought under the Post Conviction Relief Act ("PCRA").[1] The Commonwealth asks us to determine whether the PCRA court should have rejected Appellees' ineffective assistance of counsel claims because Appellees failed to demonstrate that there was a reasonable probability that the outcome of their trial would have been different but for the alleged ineffectiveness. We hold Appellees failed to establish that the alleged ineffective assistance of counsel resulted in prejudice. Accordingly, we vacate and remand for further proceedings.

¶ 2 The relevant facts and procedural history of these consolidated appeals are as follows. On August 27, 1996, multiple gunmen fired shots at the victim while he drove his car down 43rd Street in West Philadelphia. Police arrested Appellees in connection with the shooting and charged them with aggravated assault,[2] attempted murder,[3] violations of the Uniform Fire-

1. 42 Pa.C.S.A. §§ 9541–9546.

2. 18 Pa.C.S.A. § 2702.

3. 18 Pa.C.S.A. § 901.

arms Act ("VUFA"),[4] possessing instruments of crime ("PIC"),[5] simple assault,[6] recklessly endangering another person ("REAP")[7] and criminal conspiracy.[8] On September 15, 1998, Appellees appeared before the trial court with counsel.[9] Each Appellee entered a plea of not guilty, signed a jury trial waiver form, and filled out a written jury trial waiver colloquy. These documents informed each Appellee that if he was tried by a jury:

> (a) the jury would be chosen from members of the community thereby producing a jury of his peers;
> (b) any verdict rendered by a jury must be unanimous, that is, all twelve jurors must agree before they can return a verdict of guilty; and
> (c) he would be permitted to participate in the selection of the jury.

(Waiver of Jury Trial, dated 9/15/98, at 1). The court did not conduct an on-the-record oral colloquy. Instead, Appellees immediately proceeded to a joint bench trial on September 15th, following the court's acceptance of the written jury trial waiver documents.

¶ 3 On September 17, 1998, the court found Appellees guilty of aggravated assault, attempted murder, VUFA, PIC, simple assault, REAP and criminal conspiracy. On October 5, 1998, the court sentenced Appellees to consecutive terms of ten to twenty years' imprisonment for aggravated assault, twenty to forty years' imprisonment for attempted murder, two and one-half to five years' imprisonment for VUFA, two and one-half to five years' imprisonment for PIC and ten to twenty years' imprisonment for criminal conspiracy. Each Appellee filed a motion for reconsideration of sentence. On December 3, 1998, the court vacated Braheem Lewis' and Hakim Lewis' sentences for aggravated assault. On January 29, 1999, the court vacated Ricky Mallory's sentence for aggravated assault.

¶ 4 Braheem Lewis and Hakim Lewis filed a consolidated direct appeal with this Court on February 25, 1999.[10] Ricky Mallory filed his direct appeal with this Court on March 12, 1999.[11] On April 19, 2000, this Court affirmed the judgment of sentence for Braheem Lewis and Hakim Lewis. *Commonwealth v. Lewis*, 758 A.2d 722 (Pa.Super.2000) (unpublished memorandum). This Court affirmed Ricky Mallory's judgment of sentence on July 3, 2000. *Commonwealth v. Mallory*, 761 A.2d 1236 (Pa.Super.2000) (unpublished memorandum). On September 5, 2000, our Supreme Court denied Braheem Lewis' petition for allowance of appeal. *Commonwealth v. Lewis*, 563 Pa. 699, 761 A.2d 548 (2000). On December 12, 2000, our Supreme Court denied Rick Mallory's petition for allowance of appeal. *Commonwealth v. Mallory*, 564 Pa. 728, 766 A.2d 1245 (2000). Our Supreme Court denied Hakim Lewis' petition for allowance of appeal on May 9, 2001. *Commonwealth v. Lewis*, 566 Pa. 638, 781 A.2d 141 (2001).

4. 18 Pa.C.S.A. § 6108.

5. 18 Pa.C.S.A. § 907.

6. 18 Pa.C.S.A. § 2701.

7. 18 Pa.C.S.A. § 2705.

8. 18 Pa.C.S.A. § 903.

9. Attorney Guy Sciolla represented Hakim Lewis. Attorney Tariq El–Shabazz represented Braheem Lewis. Attorney David Mischak represented Ricky Mallory.

10. Attorney F. Emmett Fitzpatrick represented Braheem Lewis and Hakim Lewis.

11. Attorney Mischak continued to represent Ricky Mallory.

¶ 5 On or about November 28, 2001, Braheem Lewis and Hakim Lewis filed their first, counseled PCRA petition. On December 11, 2001, Ricky Mallory filed his first *pro se* PCRA petition. The court appointed PCRA counsel for Ricky Mallory on January 23, 2002. On August 29, 2002, Braheem Lewis and Hakim Lewis filed an amendment to their first PCRA petition. Counsel filed Ricky Mallory's amended PCRA petition on September 30, 2002. Each Appellee claimed ineffective assistance of prior counsel for, *inter alia,* failing to challenge the knowing, voluntary, and intelligent nature of Appellees' jury trial waivers. On November 24, 2003 and December 4, 2003, the PCRA court conducted evidentiary hearings on Appellees' petitions.

¶ 6 On March 2, 2004, the trial court held oral argument on the issue of counsel's ineffectiveness for not objecting to the trial court's failure to conduct on-the-record, oral jury trial waiver colloquies for Appellees. Braheem Lewis and Hakim Lewis also argued that their appellate counsel provided ineffective assistance for failing to raise the issue of the defective colloquy on direct appeal. Following argument, the PCRA court entered an order which granted a new trial to Appellees, on the basis that Appellees' waiver of their right to a jury trial was not knowing, intelligent and voluntary. To the extent that Appellees' amended PCRA petitions sought other relief, the PCRA court stated Appellees' additional claims were now moot. (N.T. Hearing, 3/2/04, at 22). The Commonwealth timely filed this appeal.

¶ 7 The Commonwealth raises the following two issues for our review:

SHOULD [APPELLEES'] CLAIMS THAT INEFFECTIVE ASSISTANCE OF COUNSEL CAUSED THEM TO INVOLUNTARILY WAIVE THEIR RIGHTS TO A JURY HAVE BEEN REJECTED BECAUSE THEY DID NOT DEMONSTRATE–AND THE PCRA COURT DID NOT FIND–ACTUAL PREJUDICE, *I.E.,* A REASONABLE PROBABILITY THAT THE VERDICT WOULD HAVE BEEN DIFFERENT BUT FOR THE ALLEGED INEFFECTIVENESS?

IF THE ABOVE QUESTION IS ANSWERED "NO," THE FOLLOWING QUESTION IS PRESENTED: SHOULD [APPELLEES] INEFFECTIVENESS CLAIMS HAVE BEEN REJECTED BECAUSE [APPELLEES] DID NOT PROVE–AND THE PCRA COURT DID NOT FIND–THAT DIRECT APPEAL COUNSEL KNEW, OR SHOULD HAVE KNOWN, THAT THE WRITTEN JURY WAIVERS WERE SUPPOSEDLY SIGNED INVOLUNTARILY?

(Commonwealth's Brief at 2).

¶ 8 "When reviewing an order [granting or] denying PCRA relief, we must determine whether the PCRA court's determination is supported by the record and is free from legal error." *Commonwealth v. Poplawski,* 852 A.2d 323, 327 (Pa.Super.2004) (quoting *Commonwealth v. Geathers,* 847 A.2d 730, 733 (Pa.Super.2004)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Carr,* 768 A.2d 1164, 1166 (Pa.Super.2001).

¶ 9 In its first issue, the Commonwealth asserts, "to prevail on a claim that ineffective assistance of counsel caused an involuntary jury waiver, a defendant must prove actual prejudice, which entails a showing that the verdict likely would have been different but for the jury waiver." (Commonwealth's Brief at 10). The Commonwealth contends Appellees did not prove actual prejudice in this case, and the PCRA court did not find prejudice. The

Commonwealth concludes Appellees did not meet their burden to prove that counsel's ineffective assistance resulted in prejudice, and the PCRA court erred in granting relief to Appellees.

¶ 10 In response, Appellees rely on *McGurk v. Stenberg*, 163 F.3d 470 (8th Cir.1998), to support their argument that the trial court's failure to conduct a proper oral colloquy constituted a "structural defect" under both the United States and Pennsylvania Constitutions, which creates a presumption of prejudice. (Brief for Braheem Lewis and Hakim Lewis at 10). Further, Appellees claim they would have asserted their right to a jury trial if the trial court had conducted an on-the-record oral colloquy. Appellees conclude the PCRA court correctly determined that they were denied their fundamental right to a jury trial and properly granted a new trial. We disagree.

¶ 11 The following principles apply to ineffective assistance of counsel claims:

> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. We presume counsel is effective and place upon [the petitioner] the burden of proving otherwise. Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim.

*Poplawski, supra* (quoting *Geathers, supra* ) (internal citations omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Commonwealth v. Rush*, 576 Pa. 3, 838 A.2d 651 (2003).

¶ 12 "Prejudice is established when [a defendant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings." *Commonwealth v. Chambers*, 570 Pa. 3, 21, 807 A.2d 872, 883 (2002) (quoting *Commonwealth v. Balodis*, 560 Pa. 567, 572, 747 A.2d 341, 343–44 (2000)). "Prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." *Commonwealth v. Cox*, 581 Pa. 107, 125, 863 A.2d 536, 546 (2004). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Chambers, supra* at 22, 807 A.2d at 883 (quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984)).

¶ 13 Pennsylvania Rule of Criminal Procedure 620 governs a defendant's waiver of his right to a jury trial as follows:

**Rule 620. Waiver of Jury Trial**

In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa.R.Crim.P. 620.

[A] voluntary waiver of a trial by jury will be found to be knowing and intelligent when the on-record colloquy indicates that the defendant knew the essential ingredients of a jury trial which are necessary to understand the significance of the right being waived. These essen-

tial ingredients are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel.

*Commonwealth v. O'Donnell*, 559 Pa. 320, 337, 740 A.2d 198, 207–08 (1999).

¶ 14 Our Supreme Court addressed an analogous claim of ineffective assistance of counsel in the context of a waiver of the right to trial by jury in *Commonwealth v. Lassiter*, 554 Pa. 586, 722 A.2d 657 (1998).[12] In *Lassiter*, the appellant argued trial counsel had provided ineffective assistance because counsel failed to advise her that the Commonwealth's promise not to pursue the death penalty if the appellant agreed to a bench trial constituted illusory consideration; the death penalty would not have applied had the matter gone before a jury. The Supreme Court determined the appellant's claim was of arguable merit. Further, the Court stated there was no reasonable basis for counsel's failure to explain to the appellant that a "strong argument" could be made that the death penalty could not apply. *Id.* at 596, 722 A.2d at 662. The Supreme Court, however, did not grant relief, because the appellant failed to satisfy the prejudice prong of the test for ineffectiveness:

> Here, appellant plainly has not met her burden to show by a reasonable probability that the outcome of her trial would have been different but for trial counsel's ineffective assistance. At the outset, we note that appellant has not even attempted to establish that she would indeed have selected a jury trial had she known that the death penalty likely would not apply to her under Pennsylva-

nia law. Criminal defendants waive their right to a jury trial for many reasons, including the perception of leniency on the part of the trial judge. Appellant failed to either request a hearing in the PCRA court or present affidavits from herself or from trial counsel in an effort to establish that she would have pursued a jury trial but for trial counsel's ineffective assistance in failing to advise her of the possible inapplicability of the death penalty. In the absence of testimony by appellant or trial counsel, this Court cannot presume that appellant would have chosen a jury trial over a non-jury trial. To hold otherwise would be to ignore the fact that the burden of proof is on appellant to set forth a **factual predicate** identifying how her interests would have been better served by trial counsel's taking a different course of action.

* * *

> Moreover, even if appellant did provide relevant testimony that she would have selected a jury trial but for trial counsel's ineffective assistance, she still would fail to establish by a reasonable likelihood that the outcome of her trial would have been different. Appellant points to nothing in the record which would indicate that the trial judge weighed the evidence improperly or incorrectly, or that a jury would have viewed her case more sympathetically. Thus, given the relevant legal standards, appellant has failed to meet her burden of proof to establish that trial counsel's ineffective assistance prejudiced her.[8]

> FN8. The dissent takes the view that the deprivation of appellant's funda-

---

12. We note: "It is well-settled that plurality opinions do not have precedential authority." *Commonwealth v. Minor*, 436 Pa.Super. 35, 647 A.2d 229, 231 n. 3 (1994), *appeal denied*,

544 Pa. 604, 674 A.2d 1069 (1996). In *Lassiter*, a plurality opinion, Justice Castille wrote the opinion announcing the judgment of the Court. Justice Nigro concurred in the result.

mental constitutional right to a trial by jury is "presumptively prejudicial." The dissent mischaracterizes the right at issue. Appellant does not assert that she was denied her constitutional right to a trial by jury, but rather that she was denied her constitutional right to the effective assistance of counsel which in turn resulted in her improper waiver of her right to a jury trial. Since this is an ineffectiveness claim, the dissent[']s imposition of "presumptive prejudice" flies directly in the face of the PCRA, which requires that the prejudice prong of an ineffectiveness claim be **"plead and prove[n]** by a preponderance of the evidence." 42 Pa.C.S. § 9543(a) (emphasis added). For the reasons stated above, appellant falls woefully short of proving prejudice.

*Id.* at 597–98, 722 A.2d at 662–63 (internal citations and some footnotes omitted) (emphasis in original).

¶ 15 Instantly, Appellees appeared before the trial court and pled not guilty on September 15, 1998. Following the submission of the jury trial waiver forms, the court did not conduct an oral colloquy for any of Appellees. Appellees proceeded to their bench trial, and the court reached its guilty verdict on September 17, 1998. After exhausting their direct appeal rights, Appellees sought relief under the PCRA. Each Appellee filed an amended, counseled PCRA petition which claimed prior counsel's ineffectiveness for, *inter alia,* failing to object when the trial court did not conduct an oral waiver colloquy. Appellees argued that their jury trial waivers

were therefore not knowing, voluntary and intelligent, due to this defect in the colloquy process.

¶ 16 The PCRA court conducted two evidentiary hearings on this matter. On November 24, 2003, Ricky Mallory and Attorney Mischak appeared before the PCRA court. Ricky Mallory testified he "thought" he had to sign the written colloquy and waiver forms because his co-defendants had already signed their forms. (N.T. Hearing, 11/24/05, at 9). Ricky Mallory also claimed: "At the moment that I signed my waiver, I knew that it was not what I wanted to do." (*Id.* at 21). Attorney Mischak testified that he and Ricky Mallory had discussed proceeding to a jury trial, and Attorney Sciolla first suggested the option of a bench trial. (*Id.* at 25–26). Importantly, these witnesses did not offer any testimony regarding how Appellees' claims satisfied the prejudice prong of the test for ineffective assistance of counsel.

¶ 17 Attorney El–Shabazz and Attorney Fitzpatrick testified on December 4, 2003.[13] Attorney El–Shabazz did not recall whether the trial court orally inquired about the voluntariness of Braheem Lewis' waiver. (N.T. Hearing, 12/4/03, at 5). After Braheem Lewis decided to proceed to a bench trial, Attorney Shabazz explained the waiver form to Lewis. (*Id.* at 18). Like Ricky Mallory and Attorney Mischak, Attorney El–Shabazz and Attorney Fitzpatrick did not offer testimony regarding any prejudice suffered by Appellees.[14]

¶ 18 By order entered March 2, 2004, the PCRA granted Appellees a new trial. Regarding Ricky Mallory's ineffective assistance of counsel claim, the PCRA court

---

**13.** The transcripts of the PCRA court's evidentiary hearing, which are contained in the certified and reproduced records, do not include testimony from Braheem Lewis and Hakim Lewis.

**14.** Attorney Fitzpatrick could not recall whether his clients informed him about the circumstances surrounding their jury trial waiver, and did not recall whether he reviewed the trial transcripts for their case. (*Id.* at 32).

set forth its analysis in its opinion pursuant to Pennsylvania Rule of Criminal Procedure 1925(a):

In this case, [Appellee] alleged that he wished to have his case proceed in front of a jury, although he eventually yielded to trial counsel's insistence on a bench trial.

* * *

The fact that no [oral] colloquy took place on the record resulted in [Appellee's] waiver being unknowing and unintelligent. Trial counsel's failure to object to the absence of the colloquy at trial is an issue of merit, and the failure to raise it was not the result of a strategy reasonably designed to advance [Appellee's] interests. Therefore, trial counsel provided ineffective assistance to [Appellee].

(PCRA Court Opinion, dated June 29, 2004, at 5–6) (footnotes omitted). The court provided similar reasoning for the issues raised by Braheem Lewis and Hakim Lewis:

The fact that no colloquy took place on the record resulted in [Appellees'] waiver being unknowing and unintelligent. This is an issue of merit, and the failure to raise it was not the result of a strategy reasonably designed to advance [Appellees'] interests. Therefore, appellate counsel erred in not bringing this issue out on direct appeal, and provided ineffective assistance to [Appellees].

(PCRA Court Opinion, dated June 29, 2004, at 6).[15]

¶ 19 Appellees acknowledge counsels' failure to object prior to trial when the court did not conduct an oral jury waiver colloquy. Likewise, Braheem Lewis and Hakim Lewis assert appellate counsel erred by not raising this issue on direct appeal. Appellees, however, raise their jury waiver claims under the rubric of ineffective assistance of counsel. Appellees' claims are therefore rooted in counsel's ineffective assistance and we must utilize the three-prong test for ineffectiveness to conduct our review. *See Poplawski, supra.* Compare *Commonwealth v. Foreman,* 797 A.2d 1005, 1015 (Pa.Super.2002) (stating totality of circumstances analysis should be used when Court reviews validity of jury trial waiver on direct appeal).

¶ 20 Significantly, the PCRA court failed to address the prejudice requirement of the three-prong test. To aid in our assessment of prejudice in the instant case, we believe our Supreme Court's analysis in *Lassiter* is instructive because it suggests how the Court applies the test for ineffective assistance of counsel in the context of a challenge to a jury trial waiver as a PCRA claim. In *Lassiter,* the Supreme Court analyzed each prong of the test for ineffectiveness. Although the appellant's claim had arguable merit and counsel had no reasonable basis for his inaction, the Court determined the appellant failed "to establish by a reasonable likelihood that the outcome of her trial would have been different." *See Lassiter, supra* at 598, 722 A.2d at 663.

¶ 21 Similar to the appellant in *Lassiter,* Appellees have failed to establish by a reasonable probability that the outcome of their trial would have been different. *See Cox, supra; Chambers, supra.* At the evidentiary hearings conducted by the PCRA court, Appellees vigorously argued that their waivers had been induced due to the coercion of defense counsel. However,

---

**15.** The PCRA Court wrote separate Rule 1925(a) opinions for Braheem Lewis and Hakim Lewis. However, the court used the same ineffective assistance analysis in both opinions.

Appellees pointed to nothing in the record which would indicate that the trial court weighed the trial evidence improperly or incorrectly, or that a jury would have viewed the case more sympathetically. *See id.* Thus, given the relevant legal standards, Appellees failed to establish that the alleged ineffective assistance of counsel resulted in prejudice. *See id.* *See also Lassiter, supra.*

¶ 22 Appellees also fail to cite any controlling Pennsylvania precedent for the proposition that the failure to conduct an oral colloquy justifies a presumption of prejudice. While Appellees heavily rely on the decision of the Eighth Circuit Court of Appeals in *McGurk,* we decline to extend the Eight Circuit's holding to the instant case. Instead, our Supreme Court's decision in *Lassiter* persuades us that under Pennsylvania law, there is no "presumptive prejudice" when a defendant raises an ineffective assistance of counsel claim in the context of a violation of Rule 620. *See Lassiter, supra* at 598 n. 8, 722 A.2d at 663 n. 8.

¶ 23 Based upon the foregoing, we hold Appellees failed to establish that the alleged ineffective assistance of counsel resulted in prejudice.[16] Thus, we vacate and remand the matter to the PCRA court to consider the remaining claims in Appellees' PCRA petitions.[17]

¶ 24 Order vacated; case remanded with instructions. Jurisdiction is relinquished.

16. Due to our disposition, we do not address the Commonwealth's remaining claim.

17. The March 2, 2004 order of the PCRA court granted a new trial to Appellees on the grounds that Appellees' waiver of their right to a jury trial was unknowing and unintelligent. To the extent that Appellees' amended PCRA petitions raised additional issues, the PCRA court stated Appellees' remaining claims were moot, because the court granted a new trial. Accordingly, we remand for the consideration of these additional claims.