J-S11011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| TONY BURTON | : | |
| Appellant | : | No. 832 EDA 2018 |

Appeal from the PCRA Order Entered March 14, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005522-2012

BEFORE:  SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 19, 2019**

Appellant, Tony Burton, appeals from the order denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541-9546. We affirm.

The PCRA court summarized the procedural history of this case as follows:

On June 27, 2014, this court sentenced [Appellant] to five to ten years incarceration for possession of a firearm by a prohibited person and a consecutive one to two years incarceration for carrying a firearm without a license.  On September 29, 2014, this court denied [Appellant's] Motion to Reconsider his sentence and Motion to Suppression.  [Appellant] appealed and the Superior Court affirmed on January 12, 2016. *Commonwealth v. Burton*, 136 A.3d 1029 (Pa. Super. 2016).  On October [26,] 2016, the Supreme Court denied his Petition for Allowance of Appeal.  *Commonwealth v. Burton*, 160 A.3d 763 (Pa. 2016).

[Appellant] filed a *pro se* PCRA Petition on December 22, 2016.  On July 18, 2017, appointed counsel filed an Amended

Petition. This court determined that the issues raised in the Amended Petition were without merit. Pursuant to Pennsylvania Rule of Criminal Procedure Rule 907, a letter was sent to [Appellant] via certified mail to advise [Appellant] that his request for post-conviction relief would be denied/dismissed without further proceedings within 20 days. The Amended Petition was denied on March 14, 2018.

On March 22, 2018, this court received Notice that [Appellant] appealed to the Superior Court of Pennsylvania from the Order entered on March 14, 2018. On March 27, 2018, this court issued an Order requiring [Appellant] to file and provide the undersigned with a time stamped copy of a Statement of Matters Complained of on Appeal no later than 21 days from the entry of the order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.

PCRA Court Opinion, 10/1/19, at 1-2.

Initially, the PCRA court determined that all issues were waived due to Appellant's failure to timely serve a copy of his Pa.R.A.P. 1925(b) statement upon the PCRA judge. *Id*. at 2. Consequently, we concluded that "the failure of Appellant's counsel to serve upon the PCRA judge a time[-]stamped copy of the Pa.R.A.P. 1925(b) statement as directed amounts to *per se* ineffectiveness." *Commonwealth v. Burton*, 832 EDA 2018 (Pa. Super. filed June 7, 2019) (non-precedential decision at 6). Accordingly, we remanded the matter to the PCRA court "for Appellant's counsel to serve upon the PCRA judge a time-stamped copy of the Pa.R.A.P. 1925(b) statement *nunc pro tunc* within ten days of the date of this memorandum, and for the preparation of a Pa.R.A.P. 1925(a) opinion by the PCRA court, to be filed with this Court within forty-five days thereafter." *Id*. Both Appellant and the trial court complied with our directive, and this matter is ripe for our review.

- 2 -

We now consider the following issues presented by Appellant, which challenge the effective assistance of prior counsel:

a. Trial Counsel was ineffective for advising Appellant to proceed by stipulated waiver trial[.]

b. Trial Counsel was ineffective for failing to properly represent Appellant at sentencing[.]

c. Appellate Counsel was ineffective for failing to appeal the denial of the motion to reconsider sentence[.]

Appellant's Brief at 15, 18, and 19.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Appellant's issues each challenge the effective assistance of prior counsel. Our Supreme Court has long stated that in order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance

- 3 -

lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. ***Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001).

We have explained that counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Moreover, with regard to the second prong, we have reiterated that trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." ***Commonwealth v. Ervin***, 766 A.2d 859, 862-863 (Pa. Super. 2000) (quoting ***Commonwealth v. Miller***, 431 A.2d 233 (Pa. 1981)).

Our Supreme Court has discussed "reasonableness" as follows:

> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable* basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987) (quoting ***Commonwealth ex rel. Washington v. Maroney***, 235 A.2d 349 (Pa. 1967)) (emphasis in original).

In addition, we are mindful that prejudice requires proof that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. ***Pierce***, 786 A.2d at 213. "A failure

to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) (citing *Commonwealth v. Sneed*, 899 A.2d 1067 (Pa. 2006)). Thus, when it is clear that a petitioner has failed to meet the prejudice prong of an ineffective-assistance-of-counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Baker*, 880 A.2d 654, 656 (Pa. Super. 2005).

It is presumed that the petitioner's counsel was effective, unless the petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). Moreover, we are bound by the PCRA court's credibility determinations where there is support for them in the record. *Commonwealth v. Battle*, 883 A.2d 641, 648 (Pa. Super. 2005) (citing *Commonwealth v. Abu-Jamal*, 720 A.2d 79 (Pa. 1998)).

Appellant first argues that trial counsel rendered ineffective assistance in advising Appellant regarding a stipulated nonjury trial. Appellant's Brief at 15-18. Appellant claims that counsel gave improper advice that compelled him to waive his right to a jury trial and to proceed to a stipulated nonjury trial before the same judge who heard Appellant's suppression motion. *Id*. at 15-16.

Our Supreme Court has long held that counsel's advice to waive a jury trial can be the basis for a successful claim of ineffective assistance of counsel only when: "1) counsel interferes with his client's freedom to decide to waive

a jury trial or 2) [the] appellant can point to specific advice of counsel so unreasonable as to vitiate the knowing and intelligent waiver of the right." ***Commonwealth v. Boyd***, 334 A.2d 610, 617 (Pa. 1975) (citation omitted). However, all that is required for a valid jury trial waiver is that a defendant is informed "that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." ***Commonwealth v. Mallory***, 941 A.2d 686, 696-697 (Pa. 2008) (citations omitted).

The PCRA court addressed Appellant's claim as follows:

> [Appellant's] claim has no merit. On August 5, 2013, this court held a waiver trial. [Appellant] was extensively colloquied regarding his right to a jury trial and what a waiver entailed. The court conducted an oral colloquy[.] The Assistant District Attorney explained the waiver trial and questioned [Appellant] as to whether he understood the proceedings:
>
> > [Assistant District Attorney]: [D]o you understand that the reason [I'm] asking you these questions is to make sure you understand what [is] happening here today and your rights? Do you understand that?
> >
> > [Appellant]: Yes.
> >
> > [Assistant District Attorney]: Have you had an opportunity to speak with your counsel about whether or not you're going to proceed by way of a jury trial or a waiver trial today?
> >
> > [Appellant]: Yes.
> >
> > [Assistant District Attorney]: [Okay.] And are you satisfied with your attorney?
> >
> > [Appellant]: Yes.

(N.T. 8/5/13, Waiver Trial, at [67-68])

The extensive written colloquy which also explained the rights [Appellant] was forfeiting, indicated that [Appellant] understood the proceedings, discussed his decision with his counsel, and explored all of the sentencing and collateral consequences involved in the waiver trial. Now, [Appellant] claims he was never properly advised and claims counsel gave him "bad advice" and convinced him to waive his right to a jury trial, despite testifying on the record to the contrary.

The decision to have a waiver trial is ultimately and solely the decision of the defendant. *Commonwealth v. Stokes*, 450 Pa. 167, 173 n.1, 299 A.2d 272, 276 n.1 (1973)[. A] defendant must bear the responsibility for that decision. Counsel's advice to waive a jury trial can be the source of a valid claim of ineffective assistance of counsel only when 1) counsel interferes with his client's freedom to decide to waive a jury trial, *cf. Commonwealth v. Stokes, supra*, or 2) appellant can point to specific advice of counsel so unreasonable as to vitiate the knowing and intelligent waiver of the right. Where an appellant merely claims, as in the present case, that his decision was a strategic error, and can point to no specific incidents of counsel impropriety, he must bear the responsibility for that decision and cannot shift the blame to counsel. *See, Commonwealth v. Boyd*[,] 334 A.2d 610, 617 (Pa. 1975).

Furthermore, [Appellant] has also failed to establish that he was prejudiced by his decision to waive a jury trial. "Prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." *Commonwealth v. Cox*, 581 Pa. 107,125, 863 A.2d 536, 546 (2004). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Commonwealth v. Chambers*, 570 Pa. 3, 21, 807 A.2d 872, 883 (2002) (*quoting Commonwealth v. Balodis*, 560 Pa. 567, 572, 747 A.2d 341, 343-44 (2002)). [Appellant] has failed to demonstrate that this court weighed the evidence improperly or that a jury would have been more sympathetic to him. *Commonwealth v. Lassiter*, 554 Pa. 586, ... 722 A.2d 657 (1998); *Commonwealth v. Mallory*, 888 A.2d 854 (Pa. Super. 2005).

PCRA Court Opinion, 10/1/19, at 3-5.

Here, the record shows that Appellant signed a written jury trial waiver and engaged in an extensive oral colloquy before the trial court. Written Waiver of Jury Trial, 8/5/13, at 1-4; N.T. 8/5/13, at 63-71. Appellant testified that he understood that a jury would be chosen from members of the community, the verdict had to be unanimous, and that he would be allowed to participate in the selection of the jury. N.T., 8/5/13, at 64, 65-66, and 65. Likewise, in the written waiver document, Appellant acknowledged that he understood a jury would be chosen from members of the community, the verdict had to be unanimous, and he would be allowed to participate in the jury selection process. Written Waiver of Jury Trial, 8/5/13, at ¶¶ 22, 35, 23-24, and 27. Thus, Appellant validly waived his right to a jury trial. **Mallory**, 941 A.2d at 696-697.

Additionally, Appellant claims trial counsel was ineffective for ignoring the fact that the trial judge would be the same judge who presided over the suppression proceedings. Appellant's Brief at 17. Appellant asserts that trial counsel's "advice in the instant case assured a verdict of guilty." **Id**. In support of his claim, Appellant cites **Commonwealth v. Paquette**, 301 A.2d 837 (Pa. 1973), for the proposition that "the better practice in a multi-judge county would be to have the trial conducted by someone other than the judge who presided over the suppression proceedings, particularly where there is a waiver of jury accepted." Appellant's Brief at 17 (citing **Paquette**, 301 A.2d at 841).

Our Supreme Court has explained that ***Paquette*** did not create "a mandatory requirement [for different judges to preside over the suppression motion and the trial] even in a multi-judge district[.]" ***Commonwealth v. Goodman***, 311 A.2d 652, 653 (Pa. 1973). Rather, the Court clarified that the rule regarding the same judge hearing pretrial motions and presiding over the subsequent trial is that "a judge should honor a request for [recusal] where prejudicial information is received in a pre-trial proceeding that would be otherwise inadmissible during the trial of the cause." ***Id***. at 654. "Whether a trial judge should recuse himself thus depends upon the type of evidence that the judge hears; if the evidence is inadmissible and is of a highly prejudicial nature, the judge should recuse himself or declare a mistrial if it is too late for recusal." ***Commonwealth v. Lewis***, 460 A.2d 1149, 1151 (Pa. Super. 1983).

We find the following language from our decision in ***Commonwealth v. Postie***, 110 A.3d 1034 (Pa. Super. 2015), to be instructive:

> [T]he mere participation by the trial judge in an earlier stage of the proceedings does not provide a *per se* basis for requiring recusal of the trial judge.
>
> > The determination of whether a trial judge should recuse himself depends upon the following: the type of evidence that the judge hears; **if the evidence is inadmissible and is of a highly prejudicial nature**, the judge should recuse himself or declare a mistrial if it is too late for recusal. The judge should also recuse himself whenever there is substantial doubt as to his ability to preside impartially. The burden to show prejudice, however, is on the party seeking recusal. **If the evidence is admissible**, or

> not of a highly prejudicial nature, **recusal is not required**, and **while it may be the better practice to have a different judge preside over trial than preside over pre-trial proceedings, such a practice is not constitutionally required** and has not been made the basis for setting aside a verdict reached in an otherwise proper trial. This principle appears to be based on the prevailing view that judicial fact-finders are capable of disregarding prejudicial evidence.

*Postie*, 10 A.3d at 1038 (quoting *Commonwealth v. Lott*, 581 A.2d 612, 615 (Pa. Super. 1990)) (emphases added).

Our review of the record reflects that the trial court, after hearing the testimony at the suppression hearing, ruled that the evidence was admissible. N.T., 8/5/13, at 60-61. Subsequently, this Court affirmed the trial court's ruling. *Burton*, 2913 EDA 2014, 136 A.3d 1029 (Pa. Super. 2016) (unpublished memorandum at 2-3). Recusal is not warranted if the pretrial evidence is admissible at trial. *Postie*, 10 A.3d at 1038. Moreover, as set forth above, this Court has expressly stated that having a different judge try a case than the judge who heard pretrial motions "is not constitutionally required." *Id*. Accordingly, we discern no error on the part of counsel for advising Appellant to waive a jury trial and proceed to a nonjury trial before the same judge who heard his pretrial suppression motion. Hence, the record supports the PCRA court's finding that Appellant validly waived his right to a jury trial because he failed to prove that trial counsel interfered with his freedom to decide to waive a jury trial or provided unreasonable advice. *Boyd*, 334 A.2d at 617. Appellant's claim fails.

- 10 -

Appellant next argues that trial counsel was ineffective for failing to properly represent Appellant at the time of sentencing. Appellant's Brief at 18-19. Appellant asserts that trial counsel failed to object to the Commonwealth's calculation of his prior record score. *Id*. at 18. Appellant claims that the Commonwealth employed an incorrect version of the Sentencing Guidelines in determining the prior record score for his earlier convictions of robbery. *Id*. Specifically, he alleges that his prior convictions of robbery, which occurred in 2000, should have been calculated as a prior record score of three rather than four. *Id*. In support of his claim, Appellant contends that the Fifth Edition of the Sentencing Guidelines should have been employed, instead of the Sixth Edition.

We are mindful that the applicable sentencing guidelines are those in effect at the time that the offense was committed. *Commonwealth v. Maneval*, 688 A.2d 1198, 1200 (Pa. Super. 1997). We observe that the Fifth Edition of the Sentencing Guidelines became effective June 13, 1997, and was in effect until the Sixth Edition of the Sentencing Guidelines became effective June 3, 2005. The Sixth Edition of the Sentencing Guidelines remained in effect until the Seventh Edition of the Sentencing Guidelines became effective December 28, 2012. Because Appellant's instant criminal activity was committed on March 17, 2012, we conclude that the Sixth Edition of the Sentencing Guidelines was applicable. Consequently, there is no merit to

Appellant's underlying claim. Thus, Appellant has failed to establish that trial counsel was ineffective in this regard.

In addition, Appellant raised a concern in his appellate brief that "Appellant was sentenced to 6-12 years [sic] incarceration which the [trial c]ourt ordered to run concurrently with his old sentence." Appellant's Brief at 19. Appellant baldly states "the sentence was illegal and unenforceable as no authorization exists for this type of sentence." *Id*. However, the argument portion of an appellate brief must be developed with pertinent discussion of the issue, which includes citations to relevant authority. Pa.R.A.P. 2119(a). *See Commonwealth v. Genovese*, 675 A.2d 331, 334 (Pa. Super. 1996) (stating that "[t]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority"). Where an appellant has failed to cite any relevant authority in support of a contention, the claim is waived. *Commonwealth v. Luktisch*, 680 A.2d 877, 879 n.1 (Pa. Super. 1996).

The argument section of Appellant's brief addressing this claim merely consists of general statements without any citation to relevant authority supporting his theory that the trial court erred in fashioning his sentence and that prior counsel was ineffective for failing to challenge the sentence. However, upon consideration of Appellant's claim, we observe that the

sentence of six to twelve years is a legal sentence,[1] and the decision to impose concurrent or consecutive sentences is a matter of trial court discretion. Accordingly, we deem this undeveloped claim to lack merit.

Appellant last argues that appellate counsel was ineffective for failing to raise a sentencing issue on direct appeal. Appellant's Brief at 19-20. Specifically, Appellant claims counsel should have challenged the trial court's decision to deny his motion for reconsideration of sentence. *Id*. at 19. Appellant contends that, on direct appeal, appellate counsel should have presented an issue challenging the "unreasonable sentence." *Id*. at 20.

As we stated earlier, counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Loner*, 836 A.2d at 132. It is undisputed that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006). The sentencing judge has broad discretion in determining the proper penalty,

---

[1] The trial court sentenced Appellant to serve a term of incarceration of five to ten years for his conviction of person not to possess firearms, 18 Pa. C.S. § 6105(a)(1). The trial court also sentenced Appellant to serve terms of incarceration of one to two years for the convictions of firearms not to be carried without a license, 18 Pa.C.S. § 6106(a)(1), and carrying firearms on public streets in Philadelphia, 18 Pa.C.S. § 6108. The one to two years sentences were fashioned concurrently with each other and consecutively to Appellant's five to ten year sentence. Thus, Appellant's aggregate sentence is six to twelve years. The entire sentence is to run concurrently with the sentence for robbery that he was serving at the time of sentencing. N.T., 6/27/14, at 14.

and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position to view a defendant's character, displays of remorse, defiance, or indifference and the overall effect and nature of the crime. ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted). When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). As we have stated, "[A] court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002).

Moreover, the Pennsylvania Supreme Court reiterated that "the guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors—they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence." ***Commonwealth v. Perry***, 32 A.3d 232, 240 (Pa. 2011) (citation omitted). In addition, "[o]ur Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133

(Pa. Super. 2009) (citing **Commonwealth v. Devers**, 546 A.2d 12 (Pa. 1988)).

The PCRA court addressed this claim of ineffective assistance as follows:

Third, [Appellant] claims counsel was ineffective for failing to appeal the denial of the motion to reconsider sentence. [Appellant] alleges counsel failed to properly present certain issues to the Pennsylvania Superior Court, causing the tribunal to erroneously deny [Appellant's] appeal. Specifically, [Appellant] argues counsel did not present the issue of the "unreasonable sentence." [Appellant] does not provide details or develop [his] argument as to why the sentence was unreasonable.

[Appellant] has failed to demonstrate that but for counsel's failure to appeal the motion to reconsider sentence, the outcome would have been different. [Appellant] faced a potential aggregate maximum penalty of seventeen years imprisonment [but] the [c]ourt imposed a sentence of six (6) to twelve (12) years[,] which was within the standard range of the sentencing guidelines. He fails to offer any evidence of any mitigating factors that would have persuaded the [c]ourt to reconsider his sentence, had an appeal been filed. At sentencing the [c]ourt considered all relevant factors and imposed the appropriate sentence. [Appellant] was arrested while illegally carrying a firearm while he was under supervision for armed robbery. He faced an aggregate maximum penalty of seventeen years imprisonment and this court imposed a sentence of six to twelve years. This fully informed, guideline range sentence was not an abuse of discretion. *See Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 546 ([P]a. Super. 1995). Thus [Appellant's] underlying claim lacks merit. Counsel's failure to appeal the denial of the motion for reconsideration did not prejudice [Appellant]. Therefore, counsel was not ineffective.

PCRA Court Opinion, 10/1/19, at 6-7.

Likewise, our review reflects that, at the time of sentencing, the trial court considered argument from the parties, Appellant's allocution, the presentence report, the sentencing guidelines, and Appellant's history with supervision. N.T., 6/27/14, at 13-15. Upon consideration of the record, we

cannot conclude that the trial court abused its discretion in fashioning the instant sentence, which was within the standard range of the sentencing guidelines. Accordingly, there is no merit to Appellant's claim that appellate counsel was ineffective for failing to raise this meritless issue on direct appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/19