J-S26025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDY LEE CHILCOTE | : | |
| | : | |
| Appellant | : | No. 351 MDA 2021 |

Appeal from the PCRA Order Entered February 16, 2021
In the Court of Common Pleas of Franklin County
Criminal Division at CP-28-CR-0001116-2016

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                **FILED: SEPTEMBER 17, 2021**

Andy Lee Chilcote (Appellant) appeals from the denial of his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, in which Appellant alleged ineffective assistance of counsel.  We affirm.

In May 2017, a jury found Appellant guilty of aggravated harassment by prisoner and the trial court found Appellant guilty of summary harassment. *See* 18 Pa.C.S.A. §§ 2703.1, 2709(a)(1).  On June 7, 2017, the trial court sentenced Appellant to 27 - 84 months of incarceration for aggravated harassment and imposed a consecutive term of 45-90 days' incarceration for the summary offense.[1]

---

[1] These sentences were within the standard range of the sentencing guidelines.

Following the reinstatement of Appellant's post-sentence and direct appeal rights in 2019, Appellant's court-appointed counsel, Matthew Stewart, Esquire (appellate counsel), filed a post-sentence motion, which the trial court denied in September 2019. Appellant, through appellate counsel, timely filed a direct appeal challenging the sufficiency of the evidence supporting his convictions and claiming his sentences were excessive. This Court affirmed. **See Commonwealth v. Chilcote**, 237 A.3d 474 (Pa. Super. May 22, 2020) (unpublished memorandum).

Relevant to this appeal, appellate counsel did not file a petition for allowance of appeal (PAA) with the Supreme Court of Pennsylvania. As we explain below, there is no evidence that Appellant asked appellate counsel to do so.

On August 10, 2020, Appellant timely filed a *pro se* PCRA petition. The PCRA court appointed Appellant new counsel, who filed an amended PCRA petition alleging ineffectiveness of appellate counsel for failure to file a PAA. The Commonwealth filed an answer on November 5, 2020.

The PCRA court held an evidentiary hearing on January 8, 2021. Appellant testified on his own behalf and was the only witness. Appellant stated that after appellate counsel informed him by letter that the direct appeal with this Court was unsuccessful, Appellant had no further contact with appellate counsel. N.T., 1/8/21, at 5. Appellant testified that he wanted to

file a PAA, but did not have the chance to ask appellate counsel to do so. *Id.* at 6.

On February 16, 2021, the PCRA court entered an opinion and accompanying order denying relief. Appellant timely filed a notice of appeal. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925. Appellant presents a single question for our consideration:

> Whether it was an abuse of discretion to dismiss [Appellant's] PCRA Petition to reinstate [Appellant's] right to file a Petition for Allowance of Appeal to the Supreme Court where prior appellate counsel failed to file the Petition for Allowance of Appeal despite [Appellant's] desire to do so?

Appellant's Brief at 4.

> In evaluating the denial of a PCRA petition, our review:

> is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding.

*Commonwealth v. Maxwell*, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (citations and quotation marks omitted). We review the PCRA court's decision for an abuse of discretion. *Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013). Further, our scope of review "is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

To be entitled to relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must establish that: (1) the underlying claim is of arguable merit; (2) there was no reasonable basis for counsel's action or inaction; and (3) but for counsel's error, there is a "reasonable probability the result of the proceeding would have been different." *Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015). Failure to satisfy any of these prongs is fatal to a claim of ineffective assistance of counsel. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). Counsel is presumed to provide effective assistance, and it is solely the petitioner's burden to prove ineffectiveness. *See id.*

It is settled law that "an indigent defendant in Pennsylvania is entitled to the assistance of counsel in seeking allowance of appeal." *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1240 (Pa. 2007); *see also* Pa.R.Crim.P. 122(B)(2) (when counsel is appointed, the appointment is effective through all proceedings on direct appeal including proceedings before the Supreme Court following the grant of *allocatur*). While appeal to the Supreme Court is a matter of judicial discretion and not a matter of right,[2] a defendant can establish prejudice for failure to file a PAA in certain circumstances. *See Commonwealth v. Liebel*, 825 A.2d 630, 633 (Pa. 2003) (failure of counsel

---

[2] "Review by the Supreme Court is purely discretionary and will be granted only where there exist both special and important reasons." *Commonwealth v. Padden*, 783 A.2d 299, 316 (Pa. Super. 2001) (citations and quotation marks omitted); *see also* Pa.R.A.P. 1113(a).

to file a PAA constitutes ineffectiveness where the defendant requested counsel to file and counsel disregarded the request). Where counsel fails to file a requested PAA, an appellant alleging ineffective assistance need not show that the PAA would likely have been granted, but merely that it was requested and counsel failed to act. *See id.* at 635; *but see Padden*, 783 A.2d at 316 ("It would be illogical to conclude that a miscarriage of justice occurred by counsel's failure to seek Supreme Court review unless it is established that the issue was such that review would have been granted by the Supreme Court." (citation omitted)). However, a mere allegation will not suffice to prove that counsel ignored a petitioner's request to file a PAA. *Commonwealth v. Harmon*, 738 A.2d 1023, 1024 (Pa. Super. 1999).

Here, *Liebel* and its progeny are inapplicable because Appellant never asked appellate counsel to file a PAA. *See* N.T., 1/8/21, at 6 (Appellant stating he had no communication with appellate counsel after learning the direct appeal was unsuccessful); *see also* Pro se PCRA Petition, 8/10/20, at 4A (asserting appellate counsel "did not discuss with me the filing of a Petition for Allowance of Appeal.").

We recognize that even where a defendant did not request counsel to file a PAA, ineffectiveness may still be found "where there is reason to think that a defendant would want to appeal." *Commonwealth v. Bath*, 907 A.2d 619, 623 (Pa. Super. 2006). This Court explained:

> [C]ounsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe

- 5 -

either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

\* \* \*

Where no request has been made, an appellant must establish that a duty to consult was owed. [**A**]**n appellant may establish a duty to consult by indicating issues that had any potential merit for further review**. This does not require appellant to demonstrate that the Supreme Court would likely grant review to a petition for allowance of appeal, but only that appellant must show that any issue **rises above frivolity**.

**Bath**, 907 A.2d at 623-24 (emphasis added; citations and quotation marks omitted).

The circumstances in **Bath** are both analogous and instructive to our disposition of Appellant's claim. The appellant, Mr. Bath, raised the same claim as Appellant regarding his counsel's failure to file a PAA. In denying relief, we explained:

[An] appellant must show that any issue rises above frivolity. Bath has not even attempted this minimal undertaking. Bath challenged the sufficiency of the evidence on direct appeal and several other issues that were deemed waived for failure to preserve them at trial. Appealing such issues further appears manifestly frivolous. It was incumbent upon Bath to demonstrate to this Court why that was not the case. **Bath has offered no argument in support of any of the issues raised on direct appeal**. Therefore, we find that Bath has not met his burden of showing how he was prejudiced by counsel's failure to consult with him regarding a petition for allowance of appeal. In the absence of prejudice, we cannot find that counsel was ineffective. **See Commonwealth v. Mallory**, 888 A.2d 854, 862 (Pa. Super. 2005).

**Id.** (emphasis added, citation modified).

- 6 -

Upon review of the record and the law, we likewise discern no merit to Appellant's claim that appellate counsel was ineffective for failing to consult with him about filing a PAA. At the PCRA hearing, Appellant presented no evidence regarding issues for which he sought Supreme Court review. **Cf. Bath**, 907 A.2d at 623 ("an appellant may establish a duty to consult by indicating issues that had any potential merit for further review.").

Although appellate counsel was not called as a witness at the PCRA hearing to testify about issues raised in Appellant's direct appeal or to discuss counsel's reasons for not filing a PAA, our review of the record confirms the PCRA court's determination that "various pleadings do not reveal any issue that 'rises above frivolity.'" PCRA Court Opinion, 2/16/21, at 4. Appellant alleged: "I would have wanted the [PAA] to be filed because I believe there is a unique fact in my case, that of mental disability, that would serve to be fully considered at the time of sentencing as well as it being a defense to the crimes charged." *Pro se* PCRA Petition, 8/10/20, at 4A.[3] This Court in Appellant's direct appeal considered a similar claim and rejected it, finding sufficient evidence to support Appellant's convictions. **See Chilcote**, 237 A.3d 474 (unpublished memorandum at *7) ("[Appellant] argues that the evidence showed that he suffered from mental infirmities, which precluded him from

---

[3] Appellant raised another claim in his PCRA petition which does not apply to this appeal. **See** PCRA Court Opinion, 2/16/21, at 4 (explaining the claim pertained to a separate case that was not before the court).

- 7 -

realizing his actions. . . . It is the province of the jury as the trier of fact to determine issues of credibility. . . . Despite [Appellant's] testimony, the jury credited the Commonwealth's witnesses and evidence, which it was free to do."); *see also* Trial Court Opinion (post-sentence motions), 9/5/19, at 4 (rejecting Appellant's discretionary sentencing challenge and stating the sentencing court appropriately considered Appellant's "mental health issues"). Accordingly, we conclude that Appellant "[a]ppealing such issues further appears manifestly frivolous. It was incumbent upon [Appellant] to demonstrate to this Court why that was not the case," but Appellant failed to do so. *Bath*, 907 A.2d at 624.

In sum, Appellant has failed to advance any non-frivolous issues that could have been presented to the Supreme Court, and he has not met his burden of showing how he was prejudiced by appellate counsel's failure to consult with him about filing a PAA. *See id.* Thus, Appellant's ineffectiveness claim fails and the PCRA court did not abuse its discretion in denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2021